Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
147 West 35th Street
Suite 1008
New York, NY 10001
Tel: 212-675-6161
Attorney for Plaintiff, Michael Beeh,
on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------X
MICHAEL BEEH,
on behalf of himself and all others similarly
situated

                      Plaintiffs,

    v.

OCWEN LOAN SERVICING, LLC

                      Defendant.
--------------------------------------------------------X

**CLASS ACTION
COMPLAINT**

Plaintiff, by and through his counsel, The Law Offices of Gus Michael Farinella, PC, as and for his complaint against the Defendant, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated alleges as follows:

**INTRODUCTION**

1. Plaintiff, on his own behalf and on behalf of the class he seeks to represent, brings this action to secure redress for the illegal practices of the Defendant Ocwen Loan Servicing, LLC ("Ocwen") who used deceptive, misleading, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiff and others.

Plaintiff alleges that Ocwen's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA")

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e and 1692f.

3. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." Graziano v. Harrison, 950 F.2d 107, 111, fn5 (3d Cir. 1991)

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

5. Venue and personal jurisdiction in this District are proper because:
    a. The acts giving rise to this lawsuit occurred within this District;
    b. Defendant does business within this District.

## PARTIES

6. Plaintiff, Michael Beeh, is an individual natural person who resides in the City of North Plainfield, County of Somerset, State of New Jersey.

7. Plaintiff is a "consumer" as defined by the FDCPA.

8. Defendant, Ocwen, is a limited liability company, with its principal business offices located at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

9. Ocwen regularly begins to collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another after they have gone into default.

10. Ocwen is a debt collector as that term is defined by 15 U.S.C. §1692a(6) under the FDCPA.

## FACTS

11. As more particularly set forth *infra* at Paragraphs 12-14, within the one year immediately preceding the filing of this Complaint, Ocwen placed telephone calls to the Plaintiff and left pre-recorded telephonic voice messages on his cellular voicemail system ("Messages").

12. On January 12, 2013 at 11:42am, being within one year immediately preceding the filing of this Complaint, the Plaintiff received the following message on his cellular voicemail system which could only be left by dialing his cellular telephone number, the voice message was 7 seconds in duration, and is transcribed as follows:

> "1-800-746-2936 thank you and have a nice day"

13. On January 21, 2013 at 11:27am, being within one year immediately preceding the filing of this Complaint, the Plaintiff received the following message on his cellular voicemail system which could only be left by dialing his cellular telephone number, the voice message was 7 seconds in duration and is transcribed as follows:

> "1-800-746-2936 thank you and have a nice day"

14. On January 21, 2013 at 2:15pm, being within one year immediately preceding the filing of this Complaint, the Plaintiff received the following message on his cellular voicemail system which could only be left by dialing his cellular telephone number, the voice message was 7 seconds in duration and is transcribed as follows:

> "1-800-746-2936 thank you and have a nice day"

15. In leaving the voice messages, Ocwen sought to collect a debt incurred for personal, family or household purposes, namely fees emanating from a personal mortgage loan.

16. The personal mortgage loan is a "debt" as defined by 15 U.S.C. §1692a(5).

17. Each of the voice messages transcribed in Paragraphs 12-14 qualifies as a "communication" as that term is defined by 15 U.S.C. §1692a(2).

18. The mortgage loan went into default on April 1, 2009. (Annexed and attached hereto as "**Exhibit A"** is a "Notice of Default and Intention to Foreclose" dated February 18, 2013 and received by the Plaintiff which states that the mortgage loan has been in default since April 1, 2009)

19. JP Morgan Chase Bank, N.A. transferred servicing rights on the mortgage loan to Ocwen on April 2, 2012. (Annexed and attached hereto as "**Exhibit B"** is a letter dated March 12, 2012 from JP Morgan Chase Bank, N.A. stating that JP Morgan Chase Bank, N.A. was transferring servicing rights on the mortgage loan to Ocwen effective April 2, 2012)

20. Ocwen formally took over serving of the loan on April 2, 2012. (Annexed and attached hereto as '**Exhibit C**' is a copy of a letter from Ocwen to the Plaintiff dated April 10, 2012 welcoming the Plaintiff as a customer)

21. At the time Ocwen made the phone calls and left the Messages, Ocwen was a debt collector as defined by the FDCPA as it pertains to its relationship with the Plaintiff because Ocwen began servicing the mortgage loan after the debt was already in default.

22. The telephone number "1-800-746-2936", which is the number left on the voicemails transcribed in Paragraphs 12-14 and is also the number that appeared on the Plaintiff's caller identification system, is answered by employees of Ocwen. As a precursor to speaking to a live representative a prerecorded message stating, "Although your call may be general in nature we are required by law to advise you that Ocwen is a debt collector and any information obtained will be used for that purpose if needed" is played for anyone who calls.

## CLAIMS FOR RELIEF

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Each of the voice messages transcribes in Paragraphs 12-14 violates 15 U.S.C. §§1692, §1692(d)(6), and §1692(e)(11).

25. Each of the Messages failed to:
    a. Identify Ocwen by name as the caller; and
    b. Disclose that the communication was from a debt collector.

26. Section 1692d provides:

   **§1692d.        Harassment or abuse**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(6) The placement of telephone calls without meaningful disclosure of the caller's identity.

27. Section 1692e provides:

**§1692e.   False or Misleading Representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:…..

(11)   The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

28. Ocwen violated the FDCPA. Ocwen's violations with respect the Messages transcribed in Paragraphs 12-14 include but are not limited to, the following:

    a. Placing telephone calls and leaving voice messages without providing meaningful disclosure of Ocwen's identity as the caller in violation of 15 USC §1692(d)(6); and

    b. Failing to disclose in all oral communications that Ocwen is a debt collector in violation of 15 U.S.C. §1692(e)(11).

## POLICIES AND PRACTICES COMPLAINED OF

29. Each of the Messages transcribed in Paragraphs 12-14 is identical to each other.

30. Based on the appearance of using pre-recorded messages it appears that Ocwen used an automated system for leaving messages on consumers' telephone answering devices.

31. The use of such an automated system is generally not by accident and, therefore, it is inferred and Plaintiff so alleges that it is Ocwen's policy and/or practice to leave pre-recorded telephonic voice messages for consumers which are the same as those left on the Plaintiff's voicemail.

32. Such messages, like the Messages left for Plaintiff, violate the FDCPA by uniformly failing to:

    a. Provide meaningful disclosure of Ocwen's identify as the caller; and

    b. Disclose that the communication was from a debt collector;

33. Upon information and belief it is Ocwen's uniform policy and practice to leave telephonic voice messages such as the Messages transcribed in Paragraphs 12-14, for consumers and other persons like Plaintiff throughout the State of New Jersey.

34. Upon information and belief Ocwen's uniform policy and practice of leaving automated and pre-recorded telephonic voice messages ensures that everyone will receive the identical message, each of which does not indentify Ocwen by name as the caller and fails to disclose that the communication is from a debt collector.

35. Based on Ocwen's use of an automated dialing and messaging system, Plaintiff reasonably believes and alleges that such messages were left for at least hundreds of consumers throughout the State of New Jersey.

## CLASS ALLEGATIONS

36. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

37. The class consists a) of all individuals with a New Jersey address for whom Ocwen left a message on the person's telephone answering device in connection with the collection of a mortgage loan that was in default when Ocwen took over servicing of the mortgage loan, which message failed to indentify Ocwen as the caller, or disclose that the

communication was from a debt collector b) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

38. Upon information and belief the identities of all class members are readily ascertainable from the records of Ocwen.

39. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of Ocwen and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

40. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. Those principal issues are whether the Defendants' telephonic voice messages, such as the Messages transcribed in Paragraphs 12-14 of this Complaint, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

41. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

42. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling

consumer litigation matters and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

43. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23(b)(3) of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity**: The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical. On information and belief, there are at least 40 members of the class.

   (b) **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' telephonic voice messages, such as the Messages transcribed in Paragraphs 12-14, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

   (c) **Typicality**: The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy**: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer litigation. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

44. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

45. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible;

    b.   Members of the class are likely to be unaware of their rights;

    c.   Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An award of the maximum statutory damages for Michael Beeh and the Plaintiff Class pursuant to 15 U.S.C. §1692k;

2. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

3. Such other and further relief as the Court deems proper.

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in an court or of any pending arbitration or administrative proceeding

Dated: New York, New York
April 9, 2013

**The Law Offices of Gus Michael Farinella, PC**

/s/ Ryan Gentile
By:_____
Ryan Gentile (RG0835)
Attorney for Plaintiff
147 West 35th Street
Suite 1008
New York, NY 10001
Tel: (212) 675-6161
Fax: (212) 675-4367
rlg@lawgmf.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                             The Law Offices of Gus Michael Farinella, PC

                        /s/ Ryan Gentile
        By:_____
                        Ryan Gentile